**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Gregory SYKES, Defendant-Appellant.**

**No. 38719.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 14, 1978.

Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Application to Transfer Denied
June 15, 1978.

Paul E. Corning, Jr., Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Noel L. Robyn, Clayton, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals his conviction by a jury of armed robbery and the jury-imposed five year sentence of imprisonment. We affirm.

Defendant's first contention is that he was entitled to a directed verdict of acquittal because of the insufficiency of the evidence to establish his guilt. The manager of the Quick Shop in Charlack in St. Louis County testified to having been held-up by a lone gunman who took money from him. He could not identify defendant as the robber, but did testify that the robber had carried two fruit juice bottles to the check-out counter before pulling a gun on the witness. Fingerprints were lifted from the fruit juice bottles. These matched defendant's fingerprints taken at the time of his arrest. Defendant admitted his participation in the hold-up and gave a written confession to a policeman from Charlack. Defendant testified he had never been in the Quick Shop and that the confession was obtained through coercion.

The circumstances surrounding the confession were in dispute and it was the province of the judge and then the jury to determine the voluntariness of the confession. We find no basis for holding those determinations erroneous. The evidence was sufficient to support the conviction.

Defendant contends the prosecutor pursued a line of questioning on cross-examination of defendant designed to elicit that defendant was being held by the police for more than one robbery at the time of the confession. This point was not raised in the motion for new trial and is not preserved for appellate review. We do not find plain error. The prosecutor's questions did elicit the information complained of. However, the questions were legitimately addressed to the occurrences and conversations leading to the confession. Defendant had made such cross-examination permissible when he testified on direct about some of the occurrences and conversations in the police station. It was not improper for the prosecutor to develop all of the occurrences and conversations leading to the confession.

Defendant also raises as plain error certain allegedly inflammatory remarks made by the prosecutor during argument. The matter was not raised in the motion for new trial and the only objection made at the time the statements were made was that they were "argumentative." We do not consider that a proper objection to an argument. We have reviewed the statements and do not find plain error. *State v. Raspberry,* 452 S.W.2d 169 (Mo.1970).

Defendant's last point is that the trial court erred in giving MAI-CR 1.10, the

"hammer" instruction, after the jury had deliberated 4½ hours. We find no abuse of discretion in the giving of MAI-CR 1.10 at the time or under the circumstances.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.